UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT VASHAUN ERWIN,<br><br>　　　　　　　Defendant. | CASE NO. CR16-5219 BHS<br><br>ORDER |

This matter is before the Court on Defendant Robert Erwin's motion for early termination of supervised release. Dkt. 55. The Court is persuaded that Erwin's sobriety and substantial compliance with the terms of his release warrant early termination of supervision. His motion is granted.

In 2016, the Court sentenced Erwin to a mandatory minimum term of five years of imprisonment and five years of supervised release after he pled guilty to possession of methamphetamine with intent to deliver. Dkt. 30. He began supervised release on April 15, 2020, and his term is set to expire on April 14, 2025.

Erwin violated a condition of supervision when he tested positive for eight instances of fentanyl use in 2023. Dkts. 45, 47, 58. Erwin asserted that he used the drug

ORDER - 1

as a coping mechanism for back and knee pain. Dkt. 47 at 2. During a hearing on this violation in August 2023, the Court instructed Erwin:

> I would like you to be in full compliance, no positive UAs, and in a year's time, the Court will entertain a motion, if you are in complete compliance, for early termination of your supervised release.

Dkt. 61-1 at 9.

A year has since passed and Erwin has remained sober and in compliance with his conditions of release. He moves for early termination of supervision. Dkt. 55. Probation opposes early termination. It asserts that Erwin "has performed well on supervision and is deserving of our commendation; however, because of his criminal history and prior conviction for a sex offense, I am unable to endorse his early termination." Dkt. 58 at 2. The Government similarly opposes early termination. It too agrees that Erwin has remained in substantial compliance with the terms of his supervision and that he has been sober for 13 months, but argues his "criminal history is too long, his drug addiction too deeply rooted, and his last violations too recent" for it to support early termination. Dkt. 57 at 2.

The Court recognizes that complete compliance with the conditions of supervised release for an extended period demonstrates rehabilitation and that the possibility of early termination provides incentive to defendants to do well on supervision. The Court commends Erwin on his sobriety, it is no small feat. Erwin's sustained substantial compliance with the terms of supervised release warrant early termination of supervision.

## I. ORDER

Therefore, it is hereby **ORDERED** that Erwin's motion for early termination of supervision, Dkt. 55, is **GRANTED**.

Dated this 29th day of July, 2024.

_____
BENJAMIN H. SETTLE
United States District Judge